UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| WAYLON NATHAN UHRE, | 5:25-CV-05006-RAL |
| Petitioner, | |
| vs. | ORDER DENYING MOTION TO CORRECT ORDER AND RESPONDING TO PETITIONER'S LETTER |
| WARDEN JOSEPH ROEMMICH, | |
| Respondent. | |

Petitioner Waylon Nathan Uhre filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1. Magistrate Judge Daneta Wollmann reviewed the Petition and recommended that this Court dismiss the Petition as untimely filed under the Antiterrorism and Effective Death Penalty Act (AEDPA), specifically under the one-year limitation period set in 28 U.S.C. § 2244(d). Doc. 10. Uhre objected to Magistrate Judge Wollmann's Report and Recommendation and asserted actual innocence for the first time. Docs. 13, 14. This Court adopted the Report and Recommendation and dismissed the Petition as untimely, and, in overruling Uhre's objections, noted that Uhre had not presented any evidence of actual innocence. Doc. 15. This Court also noted, "[Uhre] is free to re-file another § 2254 petition with [actual innocence] as a ground if he has exhausted that claim by presenting his post-conviction evidence of actual innocence to the state court." Id.

Later the same day, Respondent Joseph Roemmich requested that this Court remove that final sentence from its Order under Federal Rule of Civil Procedure 60(a) as "this sentence

1

constitutes a 'clerical mistake or mistake arising from oversight.'" Doc. 17 at 1 (quoting Fed. R. Civ. P. 60(a)). Roemmich asserts that a second § 2254 petition requires a motion and authorization from the court of appeals, not a district court, and a freestanding claim of actual innocence is not a cognizable habeas claim. Id. at 1–2. Petitioner Uhre also filed a letter requesting clarification on that final sentence in this Court's Order. See Doc. 18.

Under Federal Rule of Civil Procedure 60(a), "the district court has the power to correct omissions in its judgment so as to reflect what was understood, intended and agreed upon by the parties and the court." United States v. Mansion House Ctr. N. Redevelopment Co., 855 F.2d 524, 527 (8th Cir. 1988) (per curiam). By including this line, this Court was not suggesting anything about the viability of the actual innocence claim or attempting to lay out every step necessary for Uhre to follow if he chose to file a future habeas petition. In its Order, this Court merely declined to consider the actual innocence claim raised for the first time in Uhre's objection unsupported by evidence when determining whether to adopt the Report and Recommendation finding that the Petition before it was untimely filed. See Doc. 15.

Respondent Roemmich is correct that actual innocence is not sufficient by itself to state a ground for habeas relief under 28 U.S.C. § 2254. See Herrera v. Collins, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). In other words, "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Id. at 404. In its previous Order, this Court noted that Uhre may raise this actual innocence claim "as *a* ground" in a future

2

petition. Doc. 15 at 2 (emphasis added). This Court was not suggesting that Uhre may base a future habeas petition *only* on actual innocence.

Respondent Roemmich is also correct that 28 U.S.C. § 2244 presents additional challenges for Uhre were he to file a second habeas petition under 28 U.S.C. § 2254, including that Uhre would first have to file a motion in the U.S. Court of Appeals for the Eighth Circuit for an order authorizing this Court to consider a second or successive application. See 28 U.S.C. § 2244(b)(3); see also id. § 2244(b) (listing additional limitations on second or successive habeas corpus applications under § 2254).[1] By noting that Uhre *may* attempt to litigate his actual innocence, in addition to other possible constitutional claims, at some future date, this Court did not grant permission for Uhre to avoid his obligation under 28 U.S.C. § 2244(b)(3) to first seek authorization from the U.S. Court of Appeals for the Eighth Circuit to file a second or successive habeas petition or to undertake any other action that would be contrary to federal habeas law.

To the extent that Uhre has requested guidance in his letter concerning the proper procedures he should follow if he were to pursue his actual innocence claims further, this Court

---

[1] 28 U.S.C. § 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

cannot address Uhre's questions directly as it cannot give legal advice to pro se litigants.  See

Goodson v. Orf, No. 2:20-CV-10, 2021 WL 1253638, at *2 (E.D. Mo. Apr. 5, 2021) (collecting

cases).

With these clarifications, this Court remains comfortable with its Order.  It is hereby

ORDERED that Respondent Warden Joseph Roemmich's Motion to Correct Order, Doc.

17, is denied.

DATED this 14th day of April, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE